IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION


LONNY M. MARTIN                                        PLAINTIFF


    v.                    CIVIL NO. 3:17-CV-3014


NANCY A. BERRYHILL, [1] Acting Commissioner,
Social Security Administration                         DEFENDANT


## MEMORANDUM OPINION

Plaintiff, Lonny M. Martin, brings this action pursuant to 42 U.S.C. § 405(g), seeking

judicial review of a decision of the Commissioner of the Social Security Administration

(Commissioner) denying her claim for supplemental security income (SSI) under the

provisions of Title XVI of the Social Security Act (Act).  In this judicial review, the Court

must determine whether there is substantial evidence in the administrative record to support

the Commissioner's decision.  See 42 U.S.C. § 405(g).

Plaintiff protectively filed her current application for SSI on October 21, 2013, alleging

an inability to work since June 1, 2013, due to chronic pain and migraines.  (Tr. 66, 74).  An

administrative hearing was held on December 19, 2014, at which Plaintiff and a vocational

expert testified. (Tr. 35-64).

By written decision dated January 13, 2016, the ALJ found that during the relevant

time period, Plaintiff had severe impairments of chronic migraine headaches, chronic pain,

---

[1] Nancy A. Berryhill, has been appointed to serve as acting Commissioner of Social Security, and is substituted as
Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

carpal tunnel syndrome, social anxiety disorder, borderline intellectual functioning, and obesity. (Tr. 20). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairment did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 21). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform light work as defined in 20 CFR 416.967(b), except for the following:

> [C]laimant can only occasionally climb ramps, stairs, ladders, ropes, and/or scaffolds. The claimant can only occasionally balance, stoop, kneel, crouch, and/or crawl. The claimant can frequently, but not continuously, handle and/or finger on a bilateral basis. The claimant must avoid concentrated exposure to extreme heat and/or cold, noise, fumes, odors, dust, gases, and poorly ventilated areas. The claimant has "good" ability to perform the following activities: follow work rules; function independently; maintain attention/concentration; understand, remember, and carry out complex job instructions; understand, remember, and carry out detailed, but not complex jobs instruction; understand, remember, and carry out simple jobs instructions; maintain personal appearance; and demonstrate reliability. The claimant has "fair" ability to: related to co-workers; use judgment; interact with supervisors; deal with work stress; and behave in an emotionally stable manner. The claimant has "poor" ability to deal with the public and relate predictably in social situations.

(Tr. 23-28). While Plaintiff had no past relevant work, with the help of a vocational expert (VE), the ALJ determined that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, such as mail clerk, office helper, and photocopy machine operator. (Tr. 29).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on December 6, 2016. (Tr. 1-4). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 10, 11).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th

Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. See Sledge v. Astrue, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), aff'd, 364 Fed. Appx. 307 (8th Cir. 2010).

IT IS SO ORDERED AND ADJUDGED this 19th day of July, 2018.


/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE